UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MINA HEINEN, DVM,**

    **Plaintiff,**

v.                                       Case No. 8:21-cv-1204

**NVA GANDY VETERINARY
MANAGEMENT, LLC,**

    **Defendant.**
_____/

## COMPLAINT—JURY TRIAL DEMANDED

The Plaintiff, MINA HEINEN, DVM, sues the Defendant, NVA GANDY VETERINARY MANAGEMENT, LLC (hereinafter "NVA"), and alleges as follows:

1. This is an action to redress employment discrimination on the basis of age in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, *et seq*. The Court's supplemental jurisdiction to entertain the Plaintiff's slander claim is invoked pursuant to 28 U.S.C. § 1367.

2. The Plaintiff is a citizen of the United States and a resident of Hillsborough County, Florida, where all of the events giving rise to this action occurred.

3. The Defendant is a limited liability corporation that maintains offices and transacts business within the geographical jurisdiction of this Court.

## COUNT I—AGE DISCRIMINATION

4. The Plaintiff repeats the allegations set forth in paragraphs 1 through 3, above, as though fully set forth herein.

5. The Plaintiff is a doctor of veterinary medicine licensed to practice in the State of Florida. Beginning in 1985, the Plaintiff owned and operated a veterinary hospital in Tampa, Florida, known as Gandy Animal Hospital.

6. On May 8, 2018, the Plaintiff sold his veterinary medicine practice to NVA.

7. Concurrently with the sale of the veterinary practice to NVA, the Plaintiff entered into an employment agreement, the term of which was to commence on May 7, 2018, and end on May 6, 2021. A true and correct copy of the employment agreement is attached hereto as Exhibit A and made a part hereof.

8. On April 3, 2020, NVA terminated the Plaintiff's employment. The Plaintiff, whose date of birth is October 13, 1949, was 70 years old at the time of his termination. Molly Dominguez, DVM, was the Plaintiff's immediate supervisor. Dr. Dominguez made the decision to terminate the Plaintiff's employment as well as the decision to hire Plaintiff's replacement. At the time these decisions were made, Dr. Dominguez was approximately 42 years old.

9. NVA hired Stacie Lipinski, DVM, to replace the Plaintiff as the Managing Doctor of Veterinary Medicine (MDVM) at Gandy Animal Hospital. Dr. Lipinski, who is less qualified for the MDVM position than the Plaintiff, was approximately 44 years old when she was hired by NVA to replace the Plaintiff.

10. The Plaintiff's age, 70, was the determining factor in NVA's decision to terminate his employment. The Defendant's action in terminating the Plaintiff's employment violated the Plaintiff's rights under the ADEA.

11. As a result of NVA's unlawful conduct, as set forth in paragraphs 8 through 10, above, the Plaintiff has suffered a loss of income and the loss of the value of benefits he would have received if his employment had not been terminated.

12. The Plaintiff has exhausted all of the requisite administrative procedures prior to bringing this action. Specifically, but not as a limitation, the Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC). The Plaintiff commenced this action within 90 days of his receipt of a notice of right to sue from the EEOC.

WHEREFORE, the Plaintiff prays:

a. That the Court take jurisdiction over this action;

b. that the Court award the Plaintiff his lost income and the value of his lost benefits, as well as an additional equal amount as liquidated damages;

c. that the Court order the Defendant to reinstate the Plaintiff to his former position, or award the Plaintiff lost future earnings; and

d. that the Court award the Plaintiff the cost of this action, including a reasonable attorney's fee.

## COUNT II—SLANDER

13. The Plaintiff repeats the allegations set forth in paragraphs 1 through 3, above, as if fully set forth herein.

14. On or about March 9, 2020, Dr. Stacie Lipinski engaged in a telephone conversation with Dr. Dan Lewis, who was then employed as a doctor of veterinary medicine at the University of Florida.

15. During the course of her conversation with Dr. Lewis, Dr. Lipinski suggested that the Plaintiff's mistreatment of numerous animals under his care was so bad that it brought her to tears. Dr. Lipinski also told Dr. Lewis that disciplinary proceedings should be initiated against the Plaintiff with the Florida Board of Veterinary Medicine, because of the Plaintiff's mistreatment of animals in his care.

16. At the time she made the comments to Dr. Lewis, as set forth in paragraph 15, above, Dr. Lipinski knew, or should have known, that her accusations against the Plaintiff were false. These statements were made by Dr. Lipinski for the purpose of degrading the Plaintiff and to injure him in his good name and professional reputation.

17. Dr. Lipinski, at the time of her conversation with Dr. Lewis, was employed by NVA as the acting MDVM of the Gandy Animal Hospital and was responsible for the day to day operation of the Gandy Animal Hospital. Dr. Lipinski's conversation with Dr. Lewis occurred during the course of, and within the scope of, her employment by NVA as the acting MDVM at Gandy Animal Hospital.

18. As a result of Dr. Lipinski's false and malicious statements to Dr. Lewis, the Plaintiff was injured in his good name and professional reputation. The Plaintiff has also suffered mental anguish and emotional distress.

    WHEREFORE, the Plaintiff prays:

    a. That the Court take jurisdiction over this action;

    b. that the Court award the Plaintiff compensatory damages;

c.  that the Court assess punitive damages against the Defendant; and

d.  that the Court award the Plaintiff the cost of this action.

  /s/ Robert F. McKee
ROBERT F. McKEE
Florida Bar Number 295132
yborlaw@gmail.com
KATHERINE HEFFNER
Florida Bar Number 112955
katheffner@gmail.com
ROBERT F. McKEE, P.A.
1718 E. 7th Ave., Suite 301
Tampa, FL 33605
(813) 248-6400 (Ext. 1)
(813) 248-4020 (Facsimile)